IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-1171-MJR |
| | ) |
| THREE UNKNOWN PARTY POLICE | ) |
| OFFICERS, | ) |
| CITY OF BELLEVILLE, and | ) |
| METRO BUS COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who is currently confined in the St. Clair County Jail, has brought this *pro se* civil rights action seeking redress from a governmental entity and its employees pursuant to 42 U.S.C. § 1983. The incident that gave rise to his complaint occurred prior to Plaintiff's detention, and does not appear to have any connection to his current incarceration. However, because Plaintiff filed his complaint while he was a prisoner, the action is subject to the screening requirement of 28 U.S.C. § 1915A, as well as the fee payment provisions of 28 U.S.C. § 1915(b)(1).

Plaintiff's claims arose on November 11, 2011, when he was struck by a Metro Transit bus while jogging in Belleville, Illinois (Doc. 1, p. 7). He apparently lost consciousness, and when he came to, he was lying on the ground face-down with his hands cuffed behind his back. Three Belleville police officers were on the scene (referred to herein as Defendants John Doe #1-3). Plaintiff told Defendant John Doe #1 that the last thing he remembered was leaving his nephew's house to go for a jog. While another officer went to summon the nephew to the

scene, Plaintiff heard Defendant John Doe #1 tell the other officers and ambulance medics what the witnesses had reported about the incident (Doc. 1, p. 8).  Plaintiff had been briefly unresponsive after being hit, but then got up and tried to walk away.  Witnesses attempted to convince him to sit still until the police and ambulance arrived, but he appeared disoriented and resisted their efforts.  When Defendant John Doe #1 arrived, Plaintiff did not comply with his attempt to stop Plaintiff from walking around in the street.  Defendant John Doe #1 shouted at Plaintiff, and threatened to taser him if he did not sit down.  Plaintiff started to panic, Defendants John Doe #1, #2 and #3 surrounded him, and Defendant John Doe #1 tasered Plaintiff.  After coming around, Plaintiff agreed to go to the hospital.  He asked Defendant John Doe #1 if he was under arrest, and was told he was not, and he would be free to go after visiting the hospital.  Plaintiff asked why he was tasered, and Defendant John Doe #1 responded that he was told to use the taser by Defendants John Doe #2 and #3.

Plaintiff asserts that Defendant City of Belleville failed to provide adequate supervision or training of its police officers (Defendants John Doe #1-3) on the proper handling of medical incidents such as he experienced (Doc. 1, pp. 10-11).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that at the pleadings stage, Plaintiff has articulated a colorable federal cause of action against Defendants John Doe #1-3 for excessive force (Count 1), and Defendant City of Belleville for maintaining an official policy, custom, or practice of improper supervision and training of its police officers (Count 2).

However, the claim against Defendant Metro Bus Company is dismissed on initial review because Plaintiff has made no allegations against this entity that might indicate a

violation of any constitutional right. Indeed, the only mention of this Defendant is that its bus struck Plaintiff. This fact alone does not suggest any constitutional violation, nor is it adequate to put Defendant Metro Bus Company on notice of which claims in the complaint, if any, are directed against it. Plaintiffs are required to associate specific defendants with specific claims in order to put defendants on notice of the claims brought against them so they can properly answer the complaint. *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**Disposition**

Defendant Metro Bus Company is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **CITY OF BELLEVILLE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the City of Belleville, 101 S. Illinois St., Belleville, Illinois 62220. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 19, 2012**

s/ MICHAEL J. REAGAN
United States District Judge