IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ARMSTRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-01171-MJR-SCW |
| | ) |
| BEN LOUDEN, | ) |
| DANA YOAKUM, | ) |
| GARY BECKER, and | ) |
| THE CITY OF BELLEVILLE, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

REAGAN, District Judge:

While confined at a local county jail, Michael Armstrong filed suit in this under 42 U.S.C. 1983 naming as Defendants the City of Belleville, Illinois, three unknown "John Doe" Belleville Police Officers, and a bus company.  Armstrong alleged that he was struck by a bus while out jogging, that the three officers used excessive force in tasing him following the accident, and that the City maintained an official policy or practice of improperly supervising and training its police officers.

On threshold review of the complaint under 28 U.S.C. 1915A, the undersigned dismissed the bus company but found that Plaintiff had stated a colorable excessive force claim against the three officers and a colorable claim for improper supervision against the City (Doc. 6).  The officers were identified, the complaint was amended, and Defendants were served.

In December 2013, Defendants moved for summary judgment. Plaintiff was notified of his duty to respond to the motion but failed to do so. On April 30, 2014, the Court granted summary judgment in favor of the moving Defendants. Judgment was entered in favor of the moving Defendants and against Plaintiff on May 1, 2014.

More than eight months after judgment was entered herein, Plaintiff filed a "Motion to Alter Judgment Pursuant to Federal Rule 59(E)" (Doc. 43). In that January 12, 2015 filing, Plaintiff argued that he had good reason for not responding earlier to Defendants' summary judgment motion, so the Court should vacate the judgment, reopen the motion, and allow Plaintiff a period of time in which to file a memo opposing summary judgment. The undersigned Chief Judge denied the motion to alter judgment in a seven-page Order on January 27, 2015 (Doc. 26), which concluded:

> Plaintiff's ... motion is timely under Rule 60(b) but does not set forth extraordinary circumstances that justify vacating a judgment entered on May 1, 2014. At best, Plaintiff has identified clerical confusion resulting from his own failure to include (on his change of address notice) a case name or case number. At that time, Plaintiff had two open pending lawsuits. The notice was needed for (and *correctly* docketed in) Case No. 13-cv-0558; it did not *also* get docketed in the above-referenced case.
>
> Plaintiff offers no explanation for failing to place a case name and caption on his notice of address change, tenders no reason the change of address should have been filed in this case as opposed to Case No. 13-cv-0558, and furnishes scant explanation for the lengthy interim between his realization that judgment had been entered (via the Court's September 30, 2014 Order) and his filing of the motion to amend judgment (on January 20, 2015). His lack of law library access in October

2014 does not fully explain the latter. And a litigant's carelessness does not warrant relief under Rule 60(b)(1). ***McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)**.

Simply put, Plaintiff has not demonstrated mistake, excusable neglect, misconduct by the opposing parties, or any other ground rendering the judgment vulnerable to attack and justifying altering or amending the judgment entered on May 1, 2014.

On March 9, 2015, Plaintiff filed in this closed case a second motion for relief from the May 2014 judgment. In the current motion (Doc. 47), Plaintiff argues that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(3) because, inter alia, (a) he did not immediately receive Defendants' summary judgment motion due to a prison transfer, (b) when the Court warned Plaintiff of the need to provide address change notifications to the Clerk's Office, he was not specifically told that he had to file a "separate notice of address change for each case" he had pending before the Court (Doc. 47, p. 5-7), and (c) dismissal of his suit for failure to oppose summary judgment was "a drastic measure" and too harsh of a "sanction" (*id.*, p. 8-11).

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a final judgment or order on certain grounds, such as mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud or misconduct by the opposing party, if the judgment if void or has been discharged, or any other reason justifying such relief. **FED. R. CIV. P. 60(b).** Motions under Rule 60(b) must be made within a reasonable time and, for

the grounds specified in subsections (1), (2), and (3), no more than a year after entry of the judgment or order.  FED. R. CIV. P. 60(c)(1).

Relief under Rule 60(b) is an "extraordinary remedy" which should be granted "only in exceptional circumstances." *See, e.g., Kathrein v. City of Evanston*, 752 F.3d 680, 690 (7th Cir. 2014); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 628 (7th Cir. 1997). *See also* **Gonzalez v. Crosby, 545 U.S. 524, 536-38 (2005)(movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment).**

Plaintiff has not articulated any ground justifying this extraordinary remedy here.  The Order granting summary judgment was a full merits-based decision, not an Order "sanctioning" Plaintiff.  The Court did note that Plaintiff's failure to respond to the motion constituted an admission of the merits of the motion under Local Rule 7.1(c) of this District.  However, the undersigned simply applied that to mean that Plaintiff had admitted the *facts* as presented by Defendant.  The Court proceeded to assess each argument for summary judgment, discuss the evidence supporting the argument, and analyze the law applicable thereto.  There was no sudden, drastic "sanction" imposed on Plaintiff.  In a detailed 12-page Order, the Court granted Defendants' summary judgment motion.  Plaintiff has advanced no ground warranting Rule 60(b) relief from the judgment.  Accordingly, the Court **DENIES** Plaintiff's March 9, 2015 motion for relief from judgment (Doc. 47).

IT IS SO ORDERED.

DATED March 13, 2015.

                                                  **s/ Michael J. Reagan**
                                                  Michael J. Reagan
                                                  United States District Judge